UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maddox,

                              Petitioner,

            - *against* -

Clinton Correctional Facility,

                              Respondent.

13 Civ. 4268 (CS)(LMS)

**REPORT AND
RECOMMENDATION**

**To: The Honorable Cathy Seibel, U.S.D.J.[1]**

On June 17, 2013, Petitioner Walter Maddox ("Petitioner"), proceeding *pro se*, filed a Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"), in which he challenged his 2010 state court conviction for Murder in the First Degree, two counts of Murder in the Second Degree, Predatory Sexual Assault, five counts of Rape in the First Degree, Assault in the Second Degree, and Criminal Sex Act in the First Degree, and his sentence of life imprisonment without parole on the count of Murder in the First Degree and an aggregate term of 157 years to life imprisonment on the remaining counts. D.E. 2, 19. The Petition sets forth four grounds for relief: (1) the prosecutor improperly cross-examined a defense witness about prior criminal conduct of the defendant, (2) the trial court failed to adequately instruct the jury with respect to the presumption of innocence and the requirement of proof beyond a reasonable doubt, (3) the trial court's characterization of an expert witness's DNA analysis usurped the jury's role as fact finder, was inappropriate, and highly prejudicial, and (4) the trial court erroneously denied Petitioner's request for a circumstantial evidence charge. D.E. 1.

_____

[1] On August 2, 2013, Petitioner's application was referred to this Court by the Honorable Kenneth M. Karas. D.E. 7. On November 13, 2013, this case was reassigned to the Honorable Cathy Seibel.

1

For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition be denied in its entirety.

## I.      Procedural History

A full factual recitation of the underlying crime is unnecessary to resolve Petitioner's claims.  Briefly stated, Petitioner was convicted of Murder in the First Degree and related counts for brutally raping two women, and raping and murdering a third woman.  On June 7, 2010, Petitioner was sentenced to life imprisonment without parole on the count of Murder in the First Degree and an aggregate term of 157 years to life imprisonment on the remaining counts.  In May of 2011, Petitioner filed a brief in the Appellate Division, Second Department.  Petitioner raised the following four claims: (1) Petitioner was deprived of his constitutional right to a fair trial when the prosecutor cross-examined a defense witness about prior criminal conduct of the defendant, (2) Petitioner was deprived of his constitutional right to a fair trial when the trial court failed to adequately instruct the jury with respect to the presumption of innocence and the People's burden of proof, (3) the trial court's characterization of a DNA expert's analysis usurped the jury's role, was prejudicial, and deprived Petitioner of his constitutional right to a fair trial, (4) the trial court erroneously denied Petitioner's request that the court instruct the jury with respect to circumstantial evidence.  D.E. 21, Ex. 2.  In June of 2011, the People filed a brief in opposition.  D.E. 19, Ex. 1.

On February 7, 2012, the Appellate Division, Second Department, affirmed Petitioner's judgment of conviction.  *People v. Maddox,* 92 A.D.3d 696 (2d Dept. 2012).  The Appellate Division held that (1) the court's error in failing to issue a circumstantial evidence charge was harmless because the evidence against Petitioner was overwhelming, (2) Petitioner's claim regarding the prosecutor's cross-examination was unpreserved for review, (3) the court's charge,

2

taken as a whole, "adequately instructed the jury as to the burden of proof and presumption of innocence," and (4) Petitioner's remaining claims were unpreserved for review and, in any event, without merit. *Id.* On May 4, 2012, the New York State Court of Appeals denied Petitioner's application for leave to appeal. *People v. Maddox,* 19 N.Y.3d 865 (2012). In June of 2013, Petitioner filed the instant Petition. D.E. 1. On November 25, 2013, Respondent opposed the Petition. D.E. 19-21.

## III.    Discussion

### A.    Standard of Review

"Habeas review is an extraordinary remedy." *Bousley v. United States,* 523 U.S. 614, 621 (1998) (citing *Reed v. Farley,* 512 U.S. 339, 354 (1994)). To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254.

Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether Petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254. If a petitioner has met these threshold requirements, a federal district court generally may hear an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to a state court judgment "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must then determine the appropriate standard of review applicable to the petitioner's claim(s) in accordance with § 2254(d).

Under AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971). In the interests of comity and expeditious federal review,

"'[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 - 91 (2d Cir. 1982). The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254(b), (c):

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B) (i) there is an absence of available State corrective process; or
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion doctrine has been satisfied. *See Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate state courts. *Picard*, 404 U.S. at 275 - 76. "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.'" *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (quoting *Daye*, 696 F.2d at 191). In other words, the claim must have been presented in a way that is "likely to alert the court to [its] federal nature." *Daye*, 696 F.2d at 192. The fair presentation requirement is satisfied if the state court brief contains phrases, such as "under the due process clause" or "under the Constitution," that point to the petitioner's reliance on the United States Constitution as his or her legal basis for

relief. *Klein*, 667 F.2d at 282 (internal citations omitted).  A claim may be considered "presented" even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his or her claim before the state court, did one of the following: "(a) reli[ed] on pertinent federal cases employing constitutional analysis, (b) reli[ed] on state cases employing constitutional analysis in like fact situations, (c) assert[ed] . . . the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) alleg[ed] . . . a pattern of facts that is well within the mainstream of constitutional litigation." *See Daye*, 696 F.2d at 194.

Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court. *Klein*, 667 F.2d at 282.  Where a petitioner fails to present his or her federal constitutional claim to the highest state court, the claim cannot be considered exhausted.  Id. (citing *Williams v. Greco*, 442 F. Supp. 831, 833 (S.D.N.Y.1977)).  There is, however, another avenue available for exhaustion purposes.  A petitioner who has failed to exhaust state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction. *See Klein*, 667 F.2d at 282 (citing *Johnson v. Metz*, 609 F.2d 1052, 1055 - 56 (2d Cir. 1979)).  If collateral relief is denied, the petitioner may satisfy the exhaustion requirement by employing the state appellate procedures available for review of such denial.  *Id*. at 283.

A petitioner "need not have invoked every possible avenue of state court review." *Keane*, 394 F.3d at 73.  Instead, a petitioner must give the state courts "one full opportunity" to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A *habeas* petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in

federal court unless he or she can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Even where a timely and exhausted *habeas* claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon an "adequate and independent finding of a procedural default" to deny it. *Harris*, 489 U.S. at 262; *see also Coleman*, 501 U.S. at 730; *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Levine v. Comm'r of Corr. Serv.*, 44 F.3d 121, 126 (2d Cir. 1995). A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citing *Coleman,* 501 U.S. at 740). A decision will be "adequate" if it is " 'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 423–424 (1991)).

Provided that a claim meets all procedural requirements, the federal court must apply AEDPA's deferential standard of review when a state court has decided a claim on the merits. *See Torres v. Berbary*, 340 F.3d 63, 68 (2d Cir. 2003). Under AEDPA,

> [a]n application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.' " *Torres*, 340 F.3d at 68 (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

"[A]n unreasonable application of clearly established Supreme Court precedent occurs when a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Torres*, 340 F.3d at 68 (internal quotation marks and citation omitted). The federal court must determine whether the state court's application of clearly established federal law was objectively unreasonable. *Id.* at 68-69 (citation omitted). In the Second Circuit, "the objectively unreasonable standard of § 2254(d)(1) means that the petitioner must identify some increment of incorrectness beyond error in order to obtain *habeas* relief." *Id.* (internal quotation marks and citations omitted).

### B.    Petitioner's *Habeas* Claims

Petitioner's claim regarding the prosecution's cross-examination of a defense witness and his claim that the trial court erred in characterizing the DNA expert's testimony are procedurally barred because the Appellate Division's rejection of these claims rested on an independent and adequate state procedural rule. Specifically, the Appellate Division held that these claims were unpreserved for appellate review.[2] "The Second Circuit has determined that [New York's

---

[2] The Appellate Division explicitly held that Petitioner's claim regarding the prosecutor's cross-examination of a defense witness was unpreserved for appellate review and addressed two of Petitioner's other claims on the merits. The Appellate Division then held that Petitioner's "remaining contentions" were unpreserved. Since Petitioner's claim regarding the trial court's characterization of the DNA expert's testimony was not directly addressed by the Appellate

7

preservation rule] is an independent and adequate state procedural ground" ordinarily barring

habeas review. *Read v. Superintendent Mr. Thompson,* No. 13 Civ. 6962 (KMK)(PED), 2016

WL 165716, at \*6 (S.D.N.Y. Jan. 13, 2016), quoting *Moore v. Conway,* No. 08-CY-6390, 2010

WL 4117411, at \*7 (W.D.N.Y. Oct. 20, 2010), *aff'd,* 476 F. App'x 928 (2d Cir. 2012); *see also*

*Downs v. Lape,* 657 F.3d 97, 104 (2d Cir. 2011) ("[The Second Circuit] ha[s] held repeatedly

that the contemporaneous objection rule is a firmly established and regularly followed New York

procedural rule.").  Furthermore, Petitioner has failed to allege, let alone establish, cause for this

default and prejudice arising therefrom, or that failure to review these claims will result in a

fundamental miscarriage of Justice.  Accordingly, this Court concludes, and respectfully

recommends that Your Honor conclude, that these claims should be denied.

Petitioner's claim that the trial court erred in failing to instruct the jury with respect to

circumstantial evidence is also barred from federal habeas review.  Petitioner did not fairly

present the federal nature of this claim in state court.  Rather, when Petitioner raised this claim

on direct appeal, he relied exclusively on state law, did not assert a violation of the federal

constitution, and did not engage in any federal constitutional analysis.  Similarly, in rejecting this

claim, the Appellate Division did not cite any federal law or engage in any federal constitutional

analysis.[3]  Having failed to fairly present this record-based claim in federal terms, either in his

---

Division, the Appellate Division's reference to the "remaining contentions" in Petitioner's brief
certainly included this claim. *See Ellis v. Miller,* No. 97 Civ. 7049 (JG), 1998 WL 812664, at
\*fn. 5 (E.D.N.Y. Aug. 3, 1998) ("The Appellate Division did not address this claim directly, and
therefore it was included among petitioner's 'remaining' claims that were not preserved for
appellate review"); *Grant v. Ricks,* No. 00 Civ. 6861 (JBW), 2003 WL 21847238 (E.D.N.Y.
July 29, 2003) (finding claims procedurally barred where Appellate Division held that the
defendant's remaining contentions... are unpreserved for appellate review [...], and, in any event,
without merit").

[3] Petitioner's reliance on the case of *People v. Crimmins,* 36 N.Y.2d 230 (1975), in
support of his claim that the trial court's error was not harmless, is insufficient to raise a federal
claim, despite the fact that *Crimmins* contains a discussion of the constitutional requirement of a

direct appeal or in his application for leave to appeal to the New York State Court of Appeals, Petitioner has failed to exhaust it.  He now lacks a state procedural outlet to raise the claim for exhaustion purposes.  *See Aparicio v. Artuz*, 269 F.3d 78, 90-91 (2d Cir. 2001) ("Petitioner was entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals, both of which he pursued long ago"), citing NYCPL § 450.10(1); N.Y. Court R. § 500.10(a).  Petitioner's claim, therefore, is deemed exhausted, but is procedurally defaulted.  *Id.* at 90.  Additionally, Petitioner has failed to allege, let alone establish, cause for this default and prejudice arising therefrom, or that failure to review this claim will result in a fundamental miscarriage of Justice.  Accordingly, this Court is precluded from reviewing Petitioner's claim.[4]

Finally, Petitioner asserts that the trial court's failure to properly instruct the jury regarding the burden of proof and presumption of innocence deprived him of a fair trial.  In rejecting this claim on direct appeal, the Appellate Division held that this contention was "without merit because the charge, taken as a whole, adequately instructed the jury as to the burden of proof and presumption of innocence."  *Maddox*, 92 A.D.3d at 697.  This determination was not contrary to or an unreasonable application of Supreme Court precedent.

---

fair trial.  *Porter v. Greiner,* No. 00 Civ. 6047 (SJ)(VVP), 2005 WL 3344828 at *fn 12. (E.D.N.Y. Nov. 18, 2005).

[4] On direct appeal to the Appellate Division, within the same point heading in which he asserted that the trial court erred in not issuing a circumstantial evidence charge, Petitioner raised a distinct claim that the cumulative effect of all four asserted errors deprived him of a fair trial. Nothing in the instant Petition suggests that Petitioner sought to incorporate this distinct claim into the Petition.  Indeed, Petitioner's "Ground Four" in his Petition is that "The Trial Court Erroneously Denied a Circumstantial Evidence Charge."  Accordingly, even liberally construing the Petition, as this Court must, Petitioner has not raised the claim that he was deprived of a fair trial as a result of the cumulative effect of the trial court's alleged errors.

The Second Circuit recently articulated the standard for evaluating a claim that a court's charge with respect to reasonable doubt deprived a petitioner of a fair trial as follows:

> "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A verdict founded upon an improper reasonable doubt charge is not a legitimate jury verdict under the Sixth Amendment. *Sullivan v. Louisiana*, 508 U.S. 275, 277–78, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). But because no particular form of words is required to give an adequate reasonable doubt charge, *see United States v. Sogomonian*, 247 F.3d 348, 351 (2d Cir. 2001) (per curiam), a jury instruction will be deemed constitutionally deficient only if there is a "reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [reasonable doubt] standard," *Victor v. Nebraska*, 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *accord Vargas v. Keane*, 86 F.3d 1273, 1278 (2d Cir.1996) (framing question as whether instruction "raise[ed] the quantum of doubt necessary for acquittal or shift [ed] the burden of proof away from the prosecution"); *Chalmers v. Mitchell*, 73 F.3d 1262, 1267 (2d Cir. 1996). In evaluating whether a reasonable doubt charge violates due process, we consider the effect of the questioned language on the jury in light of the charge as a whole, and do not focus on a single portion of the instructions to the exclusion of all others. *Victor*, 511 U.S. at 16–17, 114 S.Ct. 1239; *accord Chalmers*, 73 F.3d at 1267. Thus, even when a charge includes a misstatement of the government's burden, a subsequent correct statement may obviate any constitutional error by clarifying the requisite burden of proof such that there is no reasonable likelihood of juror misunderstanding. *See Middleton v. McNeil*, 541 U.S. 433, 437–38, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004).

*Jean v. Greene*, 523 Fed. Appx. 744 (2d Cir. 2013). Relatedly, the Second Circuit has held that, in the federal context, a district court may err "if it suggests either that a jury can find the truth of a defendant's guilt based on anything less than proof beyond a reasonable doubt or that anything more than the legal presumption of innocence is necessary to return a not-guilty verdict." *U.S. v. Shamsideen*, 511 F.3d 340, 346 (2d Cir. 2008), citing *Victor v. Nebraska*, 511 U.S. 1, 22 (1994).

Here, the Appellate Division identified the correct legal standard and properly applied that standard to the facts of Petitioner's case. The trial court's jury charge was replete with

specific admonitions that in order for the jury to convict Petitioner, the government was required to prove his guilt beyond a reasonable doubt, and that Petitioner was presumed innocent until proven guilty. The court began its charge by noting that "[m]y starting point would be to remind you that the mere fact that this defendant has been charged and indicted for these crimes is not evidence of any kind and no inference of guilt may be drawn from the mere fact that he stands before you indicted." T. 1659. The court further stated that "the defendant is presumed innocent and that presumption of innocence remains with him throughout. The burden of proof rests on the People and that burden never shifts from the People to the defendant. It remains with the People throughout the trial, throughout your deliberations." T. 1660-61. The court then explained the concept of reasonable doubt at follows:

> The law uses this term [reasonable doubt] to tell you how convincing the evidence of guilt must be in order to permit a verdict of guilty. The law does recognize, however, that in dealing with human affairs there are very few things in this world that we know with absolute certainty and therefore, the law does not require that the People prove a defendant's guilt beyond all possible doubt.
> On the other hand, it would not be sufficient merely to prove that a defendant is probably guilty. Proof of guilt must be stronger.
> Now, a reasonable doubt is an honest doubt as to the defendant's guilt for which a reason exists based upon the nature and quality of the evidence. It is an actual doubt, not an imaginary doubt. It is a doubt that a reasonable person acting in a matter of this importance would be likely to entertain because of the evidence that was presented or because of the lack of convincing evidence.
> Proof of guilt beyond a reasonable doubt is proof that leaves you so firmly convinced as to the defendant's guilt that you have no reasonable doubt as to the existence of any of the elements of the crimes charged or the defendant's identify as the person who committed the crime.
> Now, in determining whether or not the People have proven a defendant's guilt beyond a reasonable doubt you must be guided solely by a full and fair evaluation of the evidence.
> You must decide whether that evidence has convinced you beyond a reasonable doubt.
> Now jurors, whatever your verdict may be, it must not rest upon baseless speculations, nor may it be influenced in any way by

11

> bias, prejudice, sympathy or by a desire to bring an end to your
> deliberations or to avoid an unpleasant duty.
>    If you are not convinced beyond a reasonable doubt then you
> must find the defendant not guilty.
>    If you are convinced beyond a reasonable doubt you must
> find the defendant guilty.

T. 1661-62. Thereafter, the court instructed the jury that the People must prove each element of

each count beyond a reasonable doubt in order for the jury to find Petitioner guilty.  T. 1671-72.

Viewed as a whole, there is nothing in the court's charge which created a reasonable

likelihood that the jury understood the charge to allow a conviction based on proof which did not

satisfy the reasonable doubt standard or that Petitioner was not entitled to the presumption of

innocence.  Indeed, the court began its charge by instructing the jury with respect to the

presumption of innocence and the court's description of a reasonable doubt as "an honest doubt

as to the defendant's guilt for which a reason exists based upon the nature and quality of the

evidence" has been cited with approval by the Second Circuit.  *Delvalle v. Armstrong,* 306 F.3d

1197, 1201 (2d Cir. 2002) (noting that the trial court's explanation that a reasonable doubt was an

"honest doubt" that has its "foundation in evidence or lack of evidence" as a correct statement of

reasonable doubt).  Accordingly, this Court concludes, and respectfully recommends that Your

Honor conclude, that Petitioner's claim should be denied.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that the Petition should be dismissed in its entirety.  As the Petition presents no

questions of substance for review, I conclude, and respectfully recommend, that a certificate of

probable cause should not issue.  *See Rodriguez v. Scully*, 905 F.2d 24 (2d Cir. 1990) (*per

curiam*); *Alexander v. Harris*, 595 F.2d 87, 90-91 (2d Cir. 1979).  I further conclude, and

respectfully recommend, that the Court should certify pursuant to 28 U.S.C. § 1915(a) that an

appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to the Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Cathy Seibel, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: Nov. 23, 2016
White Plains, NY

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been mailed to the Plaintiff.